## DOANE & WELLINGTON MANUF'G CO. v. SMITH.

*(Circuit Court, S. D. New York.* December 27, 1882.)

1. PATENTS FOR INVENTIONS—NEW COMBINATIONS—REISSUE VOID—INTRODUCTION OF NEW MATTER.

If the claim in a reissue of a patent for a new combination of known parts be substantially the same as that of the original, but expand the scope of the invention by assigning additional uses to certain parts which are prominent features of another patent, made subsequent to the original, so that one skilled in the art, constructing according to its terms, would exclude some things described in the original and substitute others, the reissue, not being a correction provided for and allowed by law, but an alteration, is invalid for showing a different invention; though if the terms were so changed as not to avoid it on this ground, it might be void for the enlargement after the lapse of time.

2. SAME—INFRINGEMENT.

A suit for infringement cannot be maintained on such an invention against a party constructing a different arrangement, not involving all the parts the other used.

3. SAME—REISSUE No. 8,784 VOID.

Reissued letters patent No. 8,784, for an improvement in vapor-burners, *held* invalid.

*Worth Osgood,* for orator.

*James P. Foster,* for defendant.

WHEELER, J. This suit is brought upon reissued letters patent No. 8,784, dated July 1, 1879, granted to Christoph Wintergerst, assignor to Doane & Wellington, on an application, dated April 30 1879, upon the surrender of the original letters No. 82,262, dated September 15, 1868, for an improvement in vapor-burners. There are defenses set up that the reissue is too broad for the original and void; and that the defendant does not infringe. The original patent was for the arrangement of a reservoir for the fluid, a tube to conduct the fluid to the burner, a burner regulated by a needle-valve operated by a thumb-screw, a ring over the burner to hold a thumb-screw projecting into it over the flame to divide the flame, and a winged plate behind the flame and connecting with the burner, acting as a reflector, and as a generator of gas by conducting heat from the flame to the fluid by way of the burner. Each of these parts is conceded to have been old; and there was only one claim which was for the arrangement merely. There is no description of the ring except that it is over the hole in the burner for the escape of the gas to the flame with the thumb-screw in it, which divides the flame, and no office is assigned to it except to support the screw where it would divide the flame; and none of the plate, except

that it is a winged plate in the rear of the ring, extending upward, and to act as a reflector and generator. In the reissue the ring is described as a "protector, calculated to direct and steady the flow of fresh air which is to be mingled with the gas before burning," as a "ring opening at both ends, and affording a channel through which the gas-jet is directed, before being allowed to impinge against the plate," and as serving "to direct the mingled air and gas upon the plate," and preventing "currents of air from disturbing the continued uniform flow of the burning mixture by confining the air-currents to certain directions." And the plate is described as a "flame-plate," "against which the issuing gas is made to impinge as it flows from an orifice;" as serving "to spread the flame;" and as having "a burning at or very near the upper edge," "and the illuminating flame projects beyond this edge." And there are eight claims for different combinations of all or some of these parts.

It is obvious from this statement that the invention described in the original is not the same as that described in the reissue. The ring described in the original is a mere ring, not a tube. In the re-issue this part is still called a ring; but when its uses are described, as being those of a protector, calculated to direct and steady the flow of fresh air, and as being open at both ends and affording a channel through which the gas-jet is directed, and as preventing currents of air from disturbing the flow, by confining the air currents to certain directions, a tube or conduit is described which is quite different from a mere ring, having no office shown but to hold the dividing screw; and a plate against which the gas-jet is to impinge, and on which the flame is to spread, and over and beyond which it is to burn and extend, is not the same as a reflector beyond the jet and flame.

These two are the most prominent features of the combination of the original, and of the various combinations of the reissue; and a flame-plate against which the gas-jet impinges, and over which, with the mingling currents of air it spreads, and over and beyond which it burns and the flame extends, and a shield on the opposite side of the jet affording a channel between the shield and flame-plate, through which the jet is directed, and by which the currents are protected from disturbance, are prominent features of the defendant's burner, which is claimed to be an infringement, and without which there could be no foundation for such claim. The original patent would not cover these devices of the defendant, and still the claim in the reissue, which is said to be infringed is substantially the same as the claim of the original.

The scope of the invention as well as of the claims is changed and expanded in the direction, too, of covering the defendant's invention made subsequent to the original patent. Such a reissue seems to be wholly invalid. *Gill* v. *Wells*, 22 Wall. 1; *James* v. *Campbell*, 104 U. S. 356. If the description of these parts had only been more full and particular in the reissue, or if distinct functions of the parts not before mentioned had been newly set forth, or functions before mentioned had been wholly omitted, so long as the devices and their mode of operation, as described, remained the same, the reissue might not be avoided for showing a different invention, although it might be for the enlargement of the claim after such a lapse of time. *Miller* v. *Bridgeport Brass Co.* 104 U. S. 350. The inventor was required by law to set forth a description of his invention in such full, clear, and exact terms as to enable any person skilled in the art to make and use it. Act of 1836, § 6. The description of the parts in the original consisted largely in stating what they were to do. The ring was to hold the dividing screw; the plate was to be a reflector. A person skilled in the art, following the patent, would construct them as such. The invention described consisted in these parts operating as such. The description in the reissue, to some extent, at least, excludes these things and substitutes different things. So the reissue is not a correction which the law provides for and allows, but an alteration which the law does not allow.

Further, Wintergerst was not the inventor of vapor-burners nor of any of these parts constituting such burners. His invention consisted merely in the new arrangement of these parts in a burner. His patent did not and could not cover any other arrangement. The defendant had no right to take that arrangement, even to improve upon, but all others were open to him. The defendant's arrangement is different from Wintergerst's. The defendant employs no rings or screw or reflector; Wintergerst's invention included all these. Leaving to Wintergerst all that he invented and patented, there was still room for the defendant's devices. Consequently there is no infringement. *Ry. Co.* v. *Sayles*, 97 U. S. 554.

Let a decree be entered dismissing the bill of complaint, with costs.